10-0256-cv
Cameron Industries, Inc. v. Caravan, Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand and ten.

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

CAMERON INDUSTRIES, INC.,

                  *Plaintiff-Counter-Defendant-Appellant*,

             -v.-                                          10-0256-cv

CARAVAN, LTD.,

                  *Defendant-Counter-Claimant-Appellee*.

_____

For Appellant:      Jed R. Schlacter, Schlacter & Associates, New York, NY.

For Appellee:       Jethro M. Eisenstein, Profeta & Eisenstein, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Cameron Industries, Inc. ("Cameron") appeals from a December 28, 2009 judgment and order by the district court, dismissing Cameron's complaint on the grounds that Cameron had not established copyright infringement by Caravan, Ltd. ("Caravan"). Cameron principally alleged that Caravan accessed Cameron's garment design from a third party, copied it, and then sold fabric with a substantially similar stem-and-leaf design to the third party. Caravan denied any access to, or copying of, Cameron's design. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

"To establish infringement, the copyright owner must demonstrate that (1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001) (internal quotation marks omitted). Neither party disputes that a substantial similarity exists between Cameron and Caravan's designs.

Actual copying need not be proven with direct evidence. It may be "proven circumstantially by proof of access and substantial similarity." *Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988). However, unless the works are "so strikingly similar as to preclude the possibility of independent creation," *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 56 (2d Cir. 2003), "[a]ccess must be more than a bare possibility and may not be inferred through speculation or conjecture," *Gaste*, 863 F.2d at 1066. Indeed, "[u]nder the Copyright Act, one may market a product identical to a copyrighted work so long as the second comer designed his product independently." *Yurman*, 262 F.3d at 110 (citation omitted).

Cameron argues that the district court clearly erred by finding that (1) the designs at issue are not "so strikingly similar as to preclude the possibility of independent creation"; and (2) Cameron had not proven that Caravan had access to Cameron's design during the relevant time period. We review the district court's findings of fact for clear error. Fed. R. Civ. P. 52(a)(6). Where "the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it . . . ." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985).

First, the district court heard testimony that stem-and-leaf designs have "[been] around for hundreds of years" and that Cameron's design "is similar to many . . . . It's not an unusual print." From such testimony, viewed in light of the record in its entirety, it was not clearly erroneous for the district court to find that "another entity could have created Caravan's stem-and-leaf design without access to [Cameron's design]." The district court plausibly could find the designs not to be "so strikingly similar as to preclude the possibility of independent creation." *Jorgensen*, 351 F.3d at 56.

Second, after an exhaustive review of the record, we agree with the district court that Cameron "fail[ed] to provide non-speculative, non-conjectural evidence" that Caravan had access to Cameron's design before Caravan sold its printed fabric to a third party. The fact that a third party "had the opportunity" to show or provide Caravan with Cameron's design, is insufficient by itself to prove that access in fact occurred. The district court did not clearly err in finding that Cameron had not proven access by Caravan.

We have considered all of Cameron's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk